(No. 3697—

CONTINENTAL OIL COMPANY, (DEL.), Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimant seeks an award in the amount of $8.14. A stipulation between the parties hereto provides that the report of the Division of Highways shall constitute the record in this case, which report is dated April 6, 1942.

This claim is for gasoline furnished to the Division of Highways or Division of Police, during the months of February, April and June, 1941, and should therefore be covered by the appropriation which lapsed September 30, 1941.

It appears from the report of the Division of Highways that the invoices were originally scheduled at that time by the claimant, but through various causes had not been paid due to

no negligence or fault on the part of the claimant, until after the lapse of the appropriation, and at the time the indebtedness was incurred, and at the time said appropriation lapsed, there remained therein an unexpended balance sufficient to have paid such bills.

This case comes within the rule that:

"Where claimant has rendered services or furnished supplies to the State on the order or request of an official authorized to contract for the same, and submits a bill therefor within a reasonable time, and due to no negligence or fault on the part of claimant same is not approved and vouchered for payment before the appropriation from which it is payable lapses, an award for the reasonable and customary value of the services or supplies will be made where, at the time the obligation was incurred there were sufficient funds remaining unexpended in the appropriation to pay for the same." *Rock Island Sand & Gravel Co.* vs. *State*, 8 C. C. R., 165.

Since the report clearly indicated that the persons ordering the merchandise had the authority to do so and that they were furnished by claimant, and were as represented, and that the prices charged were as agreed upon at the request of the Division of Highways or Division of Police is a sufficient showing for an award.

The claims appearing to be legal and just, an award is therefore made for the payment of same in the sum of Eight and 14/100 Dollars ($8.14).